UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                    Chapter 11

Acme Acres, LLC, *et al.*,[1]                             Case No. 13-45044
                                                          (Jointly Administered)
         Debtors.
_____/                           Hon. Phillip J. Shefferly


### ORDER SCHEDULING FURTHER PROCEEDINGS REGARDING DEBTORS' REQUEST FOR CONFIRMATION OF PLAN OF REORGANIZATION

On March 14, 2013, four related debtors each filed a separate Chapter 11 petition: Acme Acres, LLC, C&R Leasing Group, LLC, Jackie's Transport, Inc., and Northville Stock Yard, LLC (collectively, "Debtors"). On March 20, 2013, the Court entered an order ("Order") (ECF No. 23) granting the Debtors' first day motion requesting that the four Chapter 11 cases be jointly administered in accordance with Fed. R. Bankr. P. 1015(b) and Local Bankruptcy Rule 1015-1. Consistent with those rules, the Order made it clear that the joint administration was for procedural purposes only. Since the date of the Order, these four cases have been jointly administered in accordance with the Order and those rules. The Acme Acres, LLC Chapter 11 case is designated as the lead case in the Order.

On March 21, 2013, the Debtors filed a combined plan of reorganization and disclosure statement ("Debtors' Plan") (ECF No. 34). On March 22, 2013, at the Debtors' request, the Court held a hearing to consider the scheduling of further proceedings with respect to the Debtors' Plan.

---

[1] The Debtors in these jointly administered cases include Acme Acres, LLC ("Acme") (bankruptcy case no. 13-45044), C&R Leasing Group, LLC ("C&R") (bankruptcy case no. 13-45045), Jackie's Transport, Inc. ("Jackie's") (bankruptcy case no. 13-45047), and Northville Stock Yard, LLC ("Northville") (bankruptcy case no. 13-45048).

The Debtors, the United States Trustee ("UST"), and an unsecured creditor, Central States Pension Fund ("Pension Fund"), attended the hearing. The parties in attendance placed an agreement on the record with regard to the scheduling of further proceedings concerning the Debtors' Plan. In addition, the Debtors' attorney represented to the Court that the largest secured creditor in these cases, First Place Bank, had also agreed to the proposed schedule for further proceedings on the Debtors' Plan. The Court adopted the schedule proposed by the parties and entered an order (ECF No. 36) on March 22, 2013 establishing certain dates and deadlines with respect to the Debtors' Plan. Among other dates, that order scheduled a confirmation hearing for May 24, 2013. On April 8, 2013, the Court entered an order (ECF No. 44) granting preliminary approval of the disclosure statement that accompanied the Debtors' Plan. The Debtors then sent the Debtors' Plan out to creditors for voting.

On May 8, 2013, the Pension Fund filed a motion (ECF No. 59) requesting authority to conduct discovery with respect to the Debtors' Plan, to extend the deadlines previously set by the Court with respect to the Debtors' Plan, and to adjourn the confirmation hearing scheduled for May 24, 2013. The Court scheduled an expedited hearing on the Pension Fund's motion for May 13, 2013. At that hearing, over the Debtors' objection, the Court granted the Pension Fund's request to conduct discovery, extend the deadlines and adjourn the confirmation hearing. On May 13, 2013, the Court entered an order (ECF No. 66) that memorialized its ruling and, among other things, extended the deadline to vote or file objections to the Debtors' Plan until June 21, 2013, and adjourned the confirmation hearing until June 28, 2013 at 11:00 a.m.

On June 21, 2013, the Pension Fund filed a timely objection (ECF No. 81) to confirmation of the Debtors' Plan. No other parties filed objections to the Debtors' Plan. On June 26, 2013, the

Debtor filed a report ("Ballot Summary") (ECF No. 85) of the ballots received from creditors with respect to the Debtors' Plan and a brief (ECF No. 86) in support of their request for confirmation. On June 28, 2013, the Court held the confirmation hearing. The Debtors argued that all of the elements for confirmation of the Debtors' Plan under § 1129(a) of the Bankruptcy Code are met with respect to the Debtors' Plan. The Debtors further argued that there are no genuine issues of material fact, and that the Pension Fund's objections must be rejected as a matter of law. The Debtors requested that the Court dispense with an evidentiary hearing pursuant to L.B.R. 3020-1 and immediately confirm the Debtors' Plan. The Pension Fund argued that the Debtors' Plan does not meet the requirements of § 1129(a). Like the Debtors, the Pension Fund also argued that there are no genuine issues of material fact that require an evidentiary hearing. But, unlike the Debtors, the Pension Fund argued that its objections preclude confirmation of the Debtors' Plan as a matter of law. The only other party who appeared at the confirmation hearing was First Place Bank, which concurred with the Debtors' request for confirmation of the Debtors' Plan.

At the end of the hearing on June 28, 2013, the Court informed the parties that it would review the Debtors' Plan, the Ballot Summary, the Debtors' brief and the Pension Fund's objections and determine whether any further proceedings need to be held with regard to the Debtors' request for confirmation of the Debtors' Plan. The Court also pointed out that even if the Debtors and the Pension Fund may agree that the Court should dispense with an evidentiary hearing, the Court still has an independent duty to determine whether all of the elements of § 1129(a) of the Bankruptcy Code are met with respect to the Debtors' Plan and that, in furtherance of that duty, the Court may determine that an evidentiary hearing should be held. See United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 277 (2010) ("[Section] 1325(a) instructs a bankruptcy court to confirm a

plan only if the court finds, *inter alia*, that the plan complies with the 'applicable provisions' of the Code. . . . [T]he Code makes plain that bankruptcy courts have the authority–indeed, the obligation–to direct a debtor to conform his plan to the requirements of §§ 1328(a)(2) and 523(a)(8)."); Williams v. Hibernia National Bank (In re Williams), 850 F.2d 250, 253 (5th Cir. 1988) (finding that the bankruptcy court had "a mandatory independent duty to determine whether the [Chapter 11] plan [ ] met all of the requirements necessary for confirmation") (internal quotation marks and citation omitted); In re Trenton Ridge Investors, LLC, 461 B.R. 440, 458 (Bankr. S.D. Ohio 2011) ("[T]he Court has an independent duty to determine compliance with each of the Bankruptcy Code's [Chapter 11] confirmation requirements. This is true even for those confirmation requirements that are not the subject of an objection.").

After reviewing the Debtors' Plan, the Ballot Summary, the Debtors' brief, and the Pension Fund's objections, the Court concludes that there are genuine issues of material fact that warrant the Court conducting an evidentiary hearing to determine whether the Debtors' Plan meets the requirements of § 1129(a) of the Bankruptcy Code.

First, the Pension Fund objects that the Debtors' Plan has not been proposed in good faith as required by § 1129(a)(3) of the Bankruptcy Code. In support, the Pension Fund alleges that the Debtors have "manipulated voting" by improperly agreeing to allow First Place Bank's secured claim in the amount of $1.5 million based upon forced sale values of the Debtors' assets. According to the Pension Fund, this "manipulation" has the effect of increasing the unsecured claims of First Place Bank in each of the Debtors' cases, with the result that the unsecured claims of First Place Bank improperly dominate the voting of the unsecured creditors in such cases. Without expressing any view as to the merits of this contention, the Court concludes that it is necessary to

enable the Court to perform its independent duty to make findings under § 1129(a)(3) of the Bankruptcy Code to develop an evidentiary record with respect to the Debtors' good faith.[2] Despite the Debtors' and the Pension Fund's apparent agreement that no evidence is required, the Court concludes that it cannot determine whether the Debtors' Plan was proposed in good faith pursuant to § 1129(a)(3) from the papers alone.

Second, the Pension Fund objects that the Debtors' Plan fails to meet the best interest of creditors test of § 1129(a)(7) of the Bankruptcy Code. Section 1129(a)(7))(A)(ii) requires that a plan of reorganization must provide that each holder of a claim that has not accepted the plan will receive or retain under the plan on account of such claim property of a value that is not less than the amount that the holder of such claim would receive or retain in a Chapter 7 liquidation. The only liquidation analysis provided by the Debtors with the Debtors' Plan is a "Consolidated Liquidation Analysis" for all of the Debtors together. The "Consolidated Liquidation Analysis" attached to the Debtors' Plan does not break down the liquidation analysis for each Debtor. Even if the "Consolidated Liquidation Analysis" is accepted by the Court as demonstrating that the best interest of creditors test is met by consolidating the balance sheets of all of the Debtors together, that fact is irrelevant in determining whether the Debtors' Plan meets the best interest of creditors test with respect to each

---

[2] In the Court's review of the Debtors' Plan and the Pension Fund's objections, it is not entirely clear to the Court whether the Debtors' Plan provides for First Place Bank to have an allowed secured claim of $1.5 million in each one of the Debtors' cases, or if the $1.5 million was intended to be an aggregate secured claim in all of the Debtors' cases. Although the Debtors took the position at the confirmation hearing that their cases are only jointly administered and not substantively consolidated, neither the Debtors' Plan nor the brief filed by the Debtors in support of the Debtors' Plan explain why First Place Bank would have an allowed secured claim of $1.5 million in *each* of the Debtors' cases. In other words, the Debtors' Plan makes no allocation of the allowed secured claim of $1.5 million in favor of First Place Bank, or how it correlates with the property in each of the respective cases that secures such claim.

of the Debtors separately because, as the Debtors have continually pointed out, their cases are jointly administered only and not substantively consolidated. It is simply not possible to tell from the Debtors' Plan or from the Pension Fund's objections whether the Debtors' Plan provides the Pension Fund in each of the Debtors' cases, with property having a value that is at least as much as the Pension Fund would receive in a Chapter 7 liquidation of each Debtor. The Pension Fund's objections raise genuine issues of material fact under § 1129(a)(7)(A)(ii).

The Court will schedule an evidentiary hearing at which time the Debtors and the Pension Fund shall, minimally, address the Pension Fund's objections to the Debtors' Plan under § 1129(a)(3) and (7) of the Bankruptcy Code. However, in addition to the need to take evidence with respect to § 1129(a)(3) and (7), there are other issues about the Debtors' Plan and the Pension Fund's objections that require clarification and suggest to the Court that the Court will be better able to determine whether or not to confirm the Debtors' Plan after the Court has a more fully developed evidentiary record.

As noted, the Debtors' cases are jointly administered only and not substantively consolidated. At the confirmation hearing, the Pension Fund argued that the Debtors have led the Pension Fund to believe that the Debtors are holding themselves out as substantively consolidated. While the Court has not ordered substantive consolidation of these Debtors, and the Order granted joint administration for procedural purposes only, a review of the Debtors' Plan shows that there are instances where the Debtors seem to be treating themselves as more than just jointly administered. For example, as pointed out earlier in this order, the only liquidation analysis that accompanies the Debtors' Plan is a "Consolidated Liquidation Analysis." There is no separate liquidation analysis for each Debtor. Further, the only projections that accompany the Debtors' Plan are projections for

-6-

all of the Debtors on a consolidated basis. There are no separate projections of the operations of each Debtor post-confirmation.

Also, at the confirmation hearing, the Debtors argued that the Pension Fund should be barred from attacking the allowed amount of the secured claim of First Place Bank because the Court already entered a cash collateral order (ECF No. 49) on April 12, 2013, based upon the agreement of the Debtors and First Place Bank, that determines the allowed amount of the secured claim of First Place Bank. The Debtors are correct that this order does adjudicate an allowed secured claim in favor of First Place Bank in the amount of $1.5 million. What the order does not say is whether First Place Bank is entitled to the allowance of that secured claim in that amount in *each* case, or whether First Place Bank holds separate allowed secured claims in the four Debtors' cases which, when added up, aggregate the sum of $1.5 million. In other words, the agreement of the Debtors and First Place Bank, which is memorialized in the cash collateral order entered by the Court, arguably seems to treat the four Debtors as a single entity. The amount of the allowed secured claim of First Place Bank in each of the Debtors' cases may be relevant to the liquidation analysis in each case and to the calculation of the votes of the unsecured claims in each of the Debtors' cases.

Finally, in reviewing the Ballot Summary, the Court notes that the ballots attached to it do not match up with the information set forth in the Ballot Summary. The Ballot Summary states that in the Acme Acres, LLC case, there were five ballots received. However, there are 11 separate ballots attached to the Ballot Summary purporting to vote in the Acme Acres, LLC case. Similarly, the Ballot Summary states that there were 15 ballots received with respect to Jackie's Transport, Inc., yet there are only 12 ballots attached to the Ballot Summary. In addition, the Ballot Summary states that there was 1 rejection ballot filed with respect to Jackie's Transport, Inc., yet

-7-

13-45044-pjs    Doc 92    Filed 07/11/13    Entered 07/11/13 16:37:34    Page 7 of 10

there are no rejection ballots attached to the Ballot Summary. There is a similar discrepancy for C&R Leasing Group, LLC. The Ballot Summary says that there was one vote rejecting it, yet no ballots rejecting the Debtors' Plan with respect to C&R Leasing Group, LLC are attached to it. The Ballot Summary for Northville Stock Yard, LLC states that there was one ballot rejecting the Debtors' Plan in the amount of $690,763.67. However, there are two ballots attached to the Ballot Summary that purport to reject the Debtors' Plan with respect to Northville Stock Yard, LLC, each of which is in the amount of $986,669.08. Without further clarification, the Court cannot determine from the Ballot Summary and the ballots attached to it whether the requirements of § 1129(a)(8) are met with respect with each class described in the Debtors' Plan.

The Court appreciates the desire of both the Debtors and the Pension Fund to proceed expeditiously and economically toward a decision whether to confirm or deny confirmation of the Debtors' Plan. The Court shares their desire. However, for the reasons explained in this order, the Court cannot issue a decision without a more fully developed evidentiary record. Further, the Court notes that these Chapter 11 cases were filed only on March 14, 2013 and are now just four months old. Scheduling an evidentiary hearing to determine whether all of the elements of § 1129(a) are met or not will not result in an unreasonable delay in these Chapter 11 cases. Rather, it will provide the Court with the facts necessary to properly and thoughtfully rule on the parties' respective legal positions.

Confirmation of a plan of reorganization is a contested matter. Administrative Order No. 00-04 entered by the Court on December 4, 2000, provides that discovery is not permitted in a contested matter unless authorized by the Court. In this case, the Court already authorized the Pension Fund to conduct discovery and adjourned confirmation at its request until June 28, 2013 to

-8-

permit the Pension Fund to conduct discovery with respect to the Debtors' Plan. The Pension Fund took depositions and obtained the production of documents as authorized by the Court prior to the confirmation hearing on June 28, 2013. Because of that fact, the Court is not inclined to authorize any more discovery in advance of the evidentiary hearing. Instead, it appears to the Court that the most efficient and economical way to proceed is to simply schedule an evidentiary hearing on the confirmation issues addressed in this order. However, before scheduling the evidentiary hearing, the Court considers it to be appropriate to confer with the Debtors and the Pension Fund regarding the scheduling of the evidentiary hearing. Accordingly,

**IT IS HEREBY ORDERED** that the Court will conduct a conference on **July 15, 2013 at 2:30 p.m.**, before the Honorable Phillip J. Shefferly, in Courtroom 1975, 211 West Fort Street, Detroit, Michigan 48226, to discuss the scheduling an evidentiary hearing on the Debtors' request for confirmation of the Debtors' Plan and the Pension Fund's objections to the Debtors' Plan. Counsel for the Debtors and the Pension Fund must be prepared to discuss at such conference: (i) the scheduling of the evidentiary hearing; (ii) whether there are any other factual issues to be addressed at the evidentiary hearing in addition to those factual issues identified in this order; and (iii) any other procedural issues regarding such hearing. Counsel for the parties may attend the conference either in person or may appear telephonically, provided that any telephonic appearance is arranged by them in advance by contacting Kathleen Wiacek, Judge Shefferly's chambers support clerk, at 313-234-0044, no later than **12:00 noon on July 15, 2013**.

**IT IS FURTHER ORDERED** that the Court will schedule the evidentiary hearing on confirmation of the Debtors' Plan at the conclusion of the scheduling conference.

**Signed on July 11, 2013**

                                           /s/ Phillip J. Shefferly
                                           Phillip J. Shefferly
                                           United States Bankruptcy Judge